UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION
―――――――――――――――――――――――x
:
IN RE McLEODUSA INCORPORATED : Civil Action No. C02-0001-MWB
SECURITIES LITIGATION :
:
―――――――――――――――――――――― :
:
This Document Relates To:   ALL ACTIONS :
:
―――――――――――――――――――――――x

## PRELIMINARY ORDER IN CONNECTION
## WITH SETTLEMENT PROCEEDINGS

WHEREAS, on September 14, 2006, Lead Plaintiffs New Millennium Growth Fund, LLC, Richard C. Chapman for the Chapman Trust and proposed class representative Jeffrey A. Brandes (collectively, "Lead Plaintiffs") on behalf of themselves and the Class (as herein defined), by and through their attorneys Milberg Weiss Bershad & Schulman LLP, Schiffrin & Barroway, LLP and Weiss & Lurie (collectively, "Plaintiffs' Counsel") and Defendants Clark E. McLeod, Stephen C. Gray, J. Lyle Patrick and Chris A. Davis (collectively, the "Defendants"), by and through their attorneys ("Defendants' Counsel") in the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, set forth the terms and conditions for the proposed settlement of the claims alleged in the Action as against the Defendants on the merits and with prejudice; and the Court having read and considered the Stipulation and the accompanying documents; and the Parties to the Stipulation having consented to the entry of this Preliminary Order in Connection with the Settlement Proceedings (the "Preliminary Approval Order"); and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 19th day of September, 2006 that:

1. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby certified as a class action on behalf of: (a) the Purchaser Class consisting of all persons who purchased or otherwise acquired McLeodUSA Incorporated ("McLeodUSA") common stock during the period from and including January 3, 2001 through and including December 3, 2001, and were damaged thereby; and (b) the Merger Class consisting of all persons who acquired McLeodUSA common stock pursuant to the Registration Statement and Prospectus issued in connection with McLeodUSA's June 1, 2001 stock for stock acquisition of Intelispan, Inc., and were damaged thereby (the Purchaser Class and the Merger Class being collectively referred to as the "Class"). Excluded from the Class are Defendants, Forstmann Little & Co. ("Forstmann"), any partners at Forstmann during Class Period, members of Defendants' immediate families, any entity in which any Defendant, McLeodUSA or Forstmann has a controlling interest or is a parent or subsidiary of or is controlled by McLeodUSA or Forstmann, and the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, or assigns of any of the Defendants, McLeodUSA or Forstmann. Also excluded from the Class are any putative members who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice").

2. The Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members are so numerous that joinder of all members thereof is impracticable; (b) there are

questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the proposed Settlement only, Lead Plaintiffs New Millennium Growth Fund, LLC, Richard C. Chapman for the Chapman Trust and proposed class representative Jeffrey A. Brandes are certified as Class Representatives.

4. A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on November 29, 2006, at 8:30 a.m. at United States District Courthouse in Sioux City, Iowa for the following purposes:

(a) to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c) to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice as against the Defendants, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

  (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

  (e) to consider Plaintiffs' Counsel's motion for an award of attorneys' fees and expenses;

  (f) to consider Plaintiffs' Counsel's motion for reimbursement to Lead Plaintiffs of their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class; and

  (g) to rule upon such other matters as the Court may deem appropriate.

  5. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint as against the Defendants on the merits and with prejudice regardless of whether it has approved the Plan of Allocation, awarded attorneys' fees and expenses or awarded reimbursement to Lead Plaintiffs for their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class.

  6. The Court approves the form, substance and requirements of the Notice and the Proof of Claim and Release form ("Proof of Claim") annexed hereto as Exhibits 1 and 2 respectively.

  7. The Court approves the appointment of Analytics Inc. ("Analytics") as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before thirteen (14) days following the execution of this order to all Class Members who can be identified with reasonable effort. Defendants shall use their best efforts to provide or cause to be

provided McLeodUSA's shareholder lists as appropriate for providing notice to the Class, in a format designated by Plaintiffs' Counsel for mailings, and to pay up to $2,500 for such records. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons who purchased or otherwise acquired McLeodUSA common stock for the Class Members as record owners but not as beneficial owners. Such nominee purchasers or holders are directed, within seven (7) days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners are directed to send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proofs of Claim to beneficial owners. Plaintiffs' Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

8. The Court approves the form of Summary Notice of Pendency and Proposed Settlement of Class Action ("Summary Notice") in substantially the form and content annexed hereto as Exhibit 3 and directs that Plaintiffs' Counsel shall cause the Summary Notice to be published in the national edition of *The Wall Street Journal* within ten (10) calendar days of the mailing of the Notice. Plaintiffs' Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Summary Notice.

9.   The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, the due process clause of the United States Constitution, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.   In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)   A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than January 16, 2007. Such deadline may be further extended by Court order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b)   The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker

confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

11.    Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons now request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than November 15, 2006 to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender "requests to be excluded from the Class in the McLeodUSA Incorporated Securities Litigation," and must be signed by such person. Such persons requesting exclusion are also required to state: the date(s), price(s), and number(s) of shares of all purchase(s), acquisition(s) and sale(s) of McLeodUSA common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

12.     Class Members who validly request exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

13.     The Court will consider objections to the Settlement, the Plan of Allocation, the request for an award of attorneys' fees and reimbursement of expenses or the request for an award to the Lead Plaintiffs for reimbursement of their reasonable costs and expenses (including lost wages) incurred in representing the Class only if such objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court for the Northern District of Iowa, Cedar Rapids Division, 101 First Street SE, Cedar Rapids, Iowa 52401 and copies of all such papers are served, on or before November 15, 2006, upon each of the following: Sanford P. Dumain, Milberg Weiss Bershad & Schulman LLP, located at One Penn Plaza, New York, NY  10119-0165; David Kessler or Kay E. Sickles, Schiffrin & Barroway, LLP, located at 280 King of Prussia Road, Radnor, PA  19087; Joseph H. Weiss or Joseph D. Cohen, Weiss & Lurie, located at 551 Fifth Avenue, Suite 1600, New York, NY 10176; and Robert W. Gaffey or Howard Sidman, Jones Day, located at 222 East 41st Street, New York, NY 1007-6702 and Mark J. Stein or Beth Roxland, Simpson Thatcher & Bartlett LLP, located at 425 Lexington Ave., New York, NY  10017-3954, on behalf of the Defendants.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of expenses and/or the request for reimbursement to Lead Plaintiffs of their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, Plaintiffs' Counsel's application for an award of

attorneys' fees and expenses and/or Plaintiffs' Counsel's application for a compensatory award to Lead Plaintiffs and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

14. Pending final determination of whether the Settlement should be approved, the Lead Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

15. If: (a) the Settlement is terminated pursuant to ¶24 of the Stipulation; (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived in writing by Plaintiffs' Counsel and Defendants' Counsel; (c) the Court declines to enter the Preliminary Approval Order in any material respect; (d) the Court refuses to approve this Stipulation or any material part of it; (e) the Court declines to enter the Order and Final Judgment in any material respect and/or Plaintiffs' Counsel and Defendants' Counsel fail to consent to the entry of another form of order ("Alternative Judgment"); (f) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (g) the date upon which an Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Approval Order certifying the Class and the Class Representatives for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or

proceedings by any person or entity, and each party shall be deemed to have reverted to their respective status in the Action as of the date and time immediately prior to the execution of this Stipulation.

16.   The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated this 19th day of, Sept., 2006

*Mark W. Bennett*
MARK W. BENNETT
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA